UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JIM HAWVER,

                Plaintiff,

- against -

CANON U.S.A., INC.,

                Defendant.

Case No. 21-cv-01646 (SJF) (ARL)

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Dorsey & Whitney LLP
51 West 52nd Street
New York, New York 10019
(212) 415-9200

4845-2028-1066\1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ....................................................................................................... 2

THE COMPLAINT ....................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.    MOTION TO DISMISS STANDARD ............................................................................ 3
    II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FACTUAL ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM UNDER ADEA ............................................................................................................................ 4

        A.   Plaintiff's Subjective Belief that Others Should have been Terminated in the RIF Instead of him Fails to State an ADEA Claim As a Matter of Law ............................................................................................... 5

        B.   The Allegation that Plaintiff was Replaced by Someone "At Least 10 Years Younger" is Insufficient to State an ADEA Claim ...................... 8

        C.   The Allegation that Plaintiff's Duties Were Distributed to Younger Employees is Insufficient to State an ADEA Claim .................................. 9

        D.   The Allegation that Employees Outside Plaintiff's Protected Class Were Treated More Favorably Is Insufficient to State an ADEA Claim ............................................................................................................. 9

        E.   The Alleged Comment by Plaintiff's Supervisor is Insufficient to State a Claim Under the ADEA ............................................................. 10

CONCLUSION ........................................................................................................................... 11

4845-2028-1066\1

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................3, 4

*Carlton v. Mystic Transp., Inc.*,
    202 F.3d 129 (2d Cir. 2000) ........................................................................................11

*Danzer v. Norden Sys., Inc.*,
    151 F.3d 50 (2d Cir. 1998) ..........................................................................................10

*Delaney v. Bank of Am. Corp.*,
    908 F. Supp. 2d 498 (S.D.N.Y. 2012) ...........................................................................5

*Kouassi v. New York City Dep't of Homeless Servs.*,
    No. 14-CV-7445 (RRM) (LB), 2017 U.S. Dist. LEXIS 161127 (E.D.N.Y.
    Sept. 25, 2017) ............................................................................................................11

*Marcus v. Leviton Mfg. Co.*,
    661 Fed. Appx. 29 (2d Cir. 2016) .......................................................................4, 8, 9

*McDermott v. N.Y.C. Hous. Dev. Corp.*,
    No. 10 Civ. 2029 (HB), 2011 U.S. Dist. LEXIS 4349 (S.D.N.Y. Jan. 18, 2011) ..........8

*McNamara v. Associated Press*,
    40 F. Supp. 3d 345 (2d Cir. 2014) ...............................................................................10

*O'Sullivan v. New York Times*,
    37 F. Supp. 2d 307 (S.D.N.Y. 1999) .............................................................................5

*Parcinski v. Outlet Co.*,
    673 F.2d 34 (2d Cir. 1982) ............................................................................................5

*Pearson v. Lynch*,
    No. 10 Civ. 5119 (RJS), 2012 U.S. Dist. LEXIS 39456, 2012 WL 983546
    (S.D.N.Y. Mar. 22, 2012) ..............................................................................................6

*Pustilnik v. Battery Park City Auth.*,
    No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527 (S.D.N.Y. Dec. 3,
    2019) ..............................................................................................................4, 8, 9, 10

*Saenger v. Montefiore Med. Ctr.*,
    706 F. Supp. 2d 494 (S.D.N.Y. 2010) ...........................................................................6

*Schiappa v. Brookhaven Sci. Assocs., LLC*,
 403 F. Supp. 2d 230 (E.D.N.Y. 2005) ................................................................................4

*Spires v. Metlife Grp., Inc.*,
 No. 18-CV-4464 (RA), 2019 U.S. Dist. LEXIS 160181 (S.D.N.Y. Sept. 18,
 2019) ...................................................................................................................................9

*Suttell v. Manufacturers Hanover Trust Co.*,
 793 F. Supp. 70 (S.D.N.Y. 1992) ........................................................................................9

*Terry v. Ashcroft*,
 336 F.3d 128 (2d Cir. 2003)................................................................................................4

*Tsismentzoglou v. Milos Estiatorio Inc.*,
 No. 18-CV-9664 (RA), 2019 U.S. Dist. LEXIS 90198 (S.D.N.Y. May 29,
 2019) ...........................................................................................................................10, 11

*Wado v. Xerox Corp.*,
 991 F. Supp. 174 (W.D.N.Y. 1998) ....................................................................................9

*Williams v. Victoria's Secret*,
 No. 15-CV-4715 (PGG) (JLC), 2017 U.S. Dist. LEXIS 11735, 2017 WL
 384787 (S.D.N.Y. Jan. 27, 2017)......................................................................................11

**Statutes**

Age Discrimination in Employment Act .............................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 3, 4, 11

Defendant Canon U.S.A., Inc. ("CUSA") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint ("Complaint")[1] of Plaintiff, Jim Hawver. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the allegations fail to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

The Complaint contains a single claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

Plaintiff challenges the termination of his employment with CUSA, as part of a reduction in force ("RIF") in May 2020, during the COVID-19 pandemic. In determining which employees would be selected for termination as part of the RIF, CUSA utilized objective, non-discriminatory business criteria, including: (1) future business needs, (2) location, (3) performance, (4) tenure and (5) business continuity. (Complaint ¶46). Plaintiff's Complaint does not contain a single allegation connecting his selection for the RIF with his age. Rather, Plaintiff challenges the wisdom of the selection criteria, in the first instance and then the application of the criteria to himself, concluding that others should have been selected for job elimination ahead of him. Plaintiff then substitutes his own judgment for the business judgment of CUSA, including his belief that location as a criteria is "meaningless" (Complaint ¶48) and that "[r]egardless of the projected future business needs of the Company," he should not have been selected for the RIF. (Complaint ¶47)

The only allegations that relate in any way to age are wholly conclusory or involve a single stray comment having no nexus to Plaintiff.

---

[1] A copy of the Complaint is attached to the Declaration of Laura M. Lestrade, dated May 20, 2021.

## FACTUAL BACKGROUND

Plaintiff joined CUSA in December 2015 (when he was approximately 58 years old) in CUSA's Imaging, Technology and Communications Group ("ITCG") and was assigned to surveillance products (Complaint ¶¶17, 44). Thereafter, Plaintiff was transferred to the Government Sales division of the ITCG Group and was tasked with developing business with the United States Department of Defense. (Complaint ¶23). Plaintiff's employment with CUSA ended in May, 2020 in connection with a RIF. (Complaint ¶44). Employees were selected for the RIF based on an analysis of future business needs, location, performance, tenure and business continuity. (Complaint ¶46)

## THE COMPLAINT

The Complaint alleges that Plaintiff was terminated as part of the RIF even though his sales were allegedly higher than "3 other salespeople in the Business Development section of the ITCG at the time of Plaintiff's employment termination." (Complaint ¶¶41-42). However, the Complaint is devoid of any facts or allegations that Plaintiff was similarly situated to the other salespeople, except to state that they were also engaged in Business Development.

The Complaint alleges that under the criteria utilized by CUSA for selecting employees for employment termination in connection with the RIF -- "future business needs, location, performance, tenure and business continuity" -- he should not have been selected for termination. (Complaint ¶¶46-50) Of the "future business needs" criterion, the Complaint alleges, without any factual support, "[r]egardless of the projected future business needs of the Company, it was facially pretextual to say that keeping the other three salespeople in the Plaintiff's group was better suited to any future business needs situation than keeping the Plaintiff would have been." Of the "business continuity" criterion, the Complaint alleges that because Plaintiff is a veteran and has

2

relationships with military end-users, Plaintiff "would certainly be better suited to business continuity *with the military* than any of the other salespeople in Plaintiff's group." (Complaint ¶50) (emphasis added)  However, the Complaint offers no facts concerning the areas in which the other salespeople worked and how business continuity would be affected in those areas.  The Complaint also alleges that the "location" criterion is "completely meaningless." (Complaint ¶48)

The only allegations contained in the Complaint that relate to in any way Plaintiff's age are that (1) he was "replaced by someone who is at least 10 years younger than he is" (Complaint ¶54); and (2) "a substantial portion of the tasks Plaintiff did were distributed to a person/people who is/are under 40 years of age." (Complaint ¶55)

The Complaint also alleges, in summary fashion, that (i) "Employees outside Plaintiff's protected class have and continue to be treated more favorably than Plaintiff" (Complaint ¶56), without identifying the employees or alleging in what ways they were similarly situated to Plaintiff; (ii)"Defendant disciplined and terminated its older employees far more often than its younger employees" (Complaint ¶57), again without providing a single fact to support that conclusion; and (iii) Plaintiff's supervisor, at an undisclosed time and place, told an unidentified employee, who was later terminated (by an undisclosed decision maker) something "to the effect of 'you're too old, and you've been here too long.'" (Complaint ¶45)

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

A court must dismiss a complaint if a plaintiff's allegations fail to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007)). "[P]lausibility" demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations, *Twombly*, 550 U.S. at 555, and although a court must take all material factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not to be taken as true, *Iqbal*, 556 U.S. at 678. Here, the Complaint contains nothing more than threadbare recitals and conclusory statements and therefore should be dismissed.

**II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE FACTUAL ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM UNDER ADEA**

"[T]o survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that . . . h[is] age was the 'but-for' cause of the adverse action." *Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 32 (2d Cir. 2016) (granting Rule 12(b)(6) motion to dismiss ADEA claim). *See also, Pustilnik v. Battery Park City Auth.*, No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527, at *10 (S.D.N.Y. Dec. 3, 2019) (same). In order to state a prima facie case under the ADEA, a plaintiff must plead that: "1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under 'circumstances giving rise to an inference of discrimination.'" *Schiappa v. Brookhaven Sci. Assocs., LLC*, 403 F. Supp. 2d 230, 234 (E.D.N.Y. Dec. 12, 2005) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137-138 (2d Cir. 2003)). With regard to the fourth element, "a plaintiff must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality," which requires "sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'" *Marcus*, 661 Fed. Appx. at 32 (citations omitted). Here, the Complaint fails to allege facts sufficient to give plausible support to even a

4

minimal inference of discrimination, and certainly not enough to establish that Plaintiff's age was the "but-for" reason for his termination.

The Complaint lacks any facts to support the allegation that Plaintiff was selected for the RIF on the basis of his age, and instead contains allegations challenging the business criteria used by CUSA and the application of such criteria. Similarly, the Complaint has no specifics to demonstrate how he and other employees outside his protected class were similarly situated.

### A. Plaintiff's Subjective Belief that Others Should have been Terminated in the RIF Instead of him Fails to State an ADEA Claim As a Matter of Law

Plaintiff seeks to sweep the RIF criteria used by management aside, and to simply state that others in his department should have been terminated in the RIF instead of him. The Complaint is devoid of evidence from which to infer that Plaintiff was chosen for the RIF on the basis of his age. Instead, the Complaint alleges, with no factual support whatsoever (relying simply on conclusory statements), that the criteria used by CUSA to select employees for the RIF were either "meaningless" or applied incorrectly. Plaintiff's personal disagreement with the criteria used by CUSA and their application to Plaintiff does not establish a claim under ADEA, because there is nothing to suggest that his selection for the RIF was made based on his age and that but-for his age he would not have been terminated. It is well-established that courts do not substitute their judgment for that of the employer and courts are "not to interfere with the employer's business judgment so long as that judgment is not exercised for discriminatory reasons." *O'Sullivan v. New York Times*, 37 F. Supp. 2d 307, 316 (S.D.N.Y. 1999); *see also Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982) ("The [ADEA] does not authorize the courts to judge the wisdom of a corporation's business decisions.").

In *Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498, 513 (S.D.N.Y. 2012) (granting defendant's summary judgment motion where the plaintiff failed to present sufficient evidence

that he would not have been terminated but for his age), the court confirmed that the plaintiff's subjective perception is no substitute for evidence.  There the court rejected the plaintiff's argument that his three co-workers should have been laid off before him because their respective performance was worse than his, explaining:  "[A]lthough Delaney is free to take issue with BoA's assessment of his performance, his disagreement does not, under the circumstances, show that that review was a pretext for age discrimination." *See also*, *Pearson v. Merrill Lynch & Bank of Am.*, No. 10 Civ. 5119 (RJS), 2012 U.S. Dist. LEXIS 39456, 2012 WL 983546, at *31 (S.D.N.Y. Mar. 22, 2012) (citation omitted):

> Although Plaintiff vehemently disagrees with Defendants' assessment of his performance and the decision to select him as one of the two weakest [employees] of the group, this does not show pretext. Indeed, a court "does not sit as a super-personnel department" to review employers' decisions. Furthermore, even if Plaintiff could show that Defendants' rating was incorrect or improper, which he has not, this would be immaterial as long as the decision to terminate Plaintiff was not based on discriminatory animus.

*See also Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 509 (S.D.N.Y. 2010) (explaining that "the ADEA does not make employers liable for doing stupid or even wicked things; it makes them liable for discriminating, for firing people on account of their age," and "[p]ut simply, this court does not sit as a super-personnel department that reexamines an entity's business decisions").

The Complaint alleges that because Plaintiff allegedly sold more than others in his group, his selection for the RIF was a pretext for age discrimination.  The Complaint dismisses or reaches unsupported conclusions concerning the remaining criteria used by CUSA in selecting employees for the RIF.

<u>Location</u>. Location, Plaintiff has unilaterally determined, is "almost completely meaningless." (Complaint ¶48)

<u>Future Business Needs</u>. Plaintiff dismisses future business needs as a legitimate criterion as well. The Complaint alleges, with no support, that the preservation of his position, as opposed to the positions of others, would be better suited to the "future business needs" of CUSA. The Complaint provides no facts as to what those needs are or how maintaining Plaintiff's position rather than other positions would best meet those needs. Instead, the Complaint alleges

> *Regardless of the projected future business needs of the Company*, it was facially pretextual to say that keeping the other three salespeople in the Plaintiff's group was better suited to *any* future business needs situation than keeping the Plaintiff would have been.

(Complaint ¶47) (emphasis added). In other words, in Plaintiff's view future business needs are irrelevant.

<u>Business Continuity</u>. The Complaint alleges that because Plaintiff is a veteran and has relationships with military end-users, Plaintiff "would certainly be better suited to business continuity *with the military* than any of the other salespeople in Plaintiff's group." (Complaint ¶50) (emphasis added) However, the Complaint offers no facts concerning the areas in which the other salespeople worked and how business continuity would be affected in those areas.

<u>Tenure</u>. The Complaint completely ignores tenure as a criterion of selection for the RIF.

The Complaint fails to allege a single fact as to why the preservation of Plaintiff's position, as opposed to others, would better match the location, future business needs or business continuity criteria used to select employees for the RIF. More importantly, the Complaint alleges no facts supporting the conclusion that Plaintiff would not have been selected for termination in the RIF "but for" his age.

### B. The Allegation that Plaintiff was Replaced by Someone "At Least 10 Years Younger" is Insufficient to State an ADEA Claim

The Complaint alleges that Plaintiff was 63 years old on the date his employment was terminated (Complaint ¶44) and that "upon information and belief [he] was replaced by someone who is at least 10 years younger than he is" (Complaint ¶54). Thus, the alleged replacement presumably was around 53 years of age, well within the protected age category under the ADEA. "[T]he Second Circuit has explained that '[w]ithout more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive.'" *Pustilnik v. Battery Park City Auth.*, No. 18-CV-9446 (RA), 2019 U.S. Dist. LEXIS 208527, at *12 (S.D.N.Y. Dec. 3, 2019) (quoting *Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016)). In *Pustilink*, the plaintiff asserted she was terminated and replaced by a 44-year-old woman who was about seven years younger than the plaintiff. The court stated:

> Although an inference of discrimination can arise when an employer replaces a terminated employee with an individual outside of the employee's protected class, that is not what happened here. Goldenberg, as a 44-year-old woman, is not an individual outside of Pustilnik's protected class. Indeed, as both Pustilnik and Goldenberg are over the age of 40, they are both within the same protected class for purposes of Pustilnik's ADEA claim.

*Id.* at 13; see also *McDermott v. N.Y.C. Hous. Dev. Corp.*, No. 10 Civ. 2029 (HB), 2011 U.S. Dist. LEXIS 4349, at *14 (S.D.N.Y. Jan. 18, 2011) (noting that the "circumstances in this case provide assurance that no age-based discrimination took place" even though plaintiff was replaced by an individual "about ten years younger," since plaintiff was nonetheless "replaced by a person in the same protected class as he").

Moreover, the fact that Plaintiff was first hired when he was over the age of 40 -- he was approximately 58 years old when he was hired in December 2015 (See Complaint ¶¶17, 44) --

"substantially weakens any inference of discrimination." *Spires v. Metlife Grp., Inc.*, No. 18-CV-4464 (RA), 2019 U.S. Dist. LEXIS 160181, at *21 (S.D.N.Y. Sept. 18, 2019).

      C.    **The Allegation that Plaintiff's Duties Were Distributed to Younger Employees is Insufficient to State an ADEA Claim**

The allegation in the Complaint that Plaintiff's duties were distributed to younger employees does not give rise to an inference of discrimination. *See Wado v. Xerox Corp.*, 991 F. Supp. 174, 197 (W.D.N.Y. 1998) ("[T]he fact that some of Lalik's duties may have been redistributed after the RIF, even to younger employees, is not enough to support an inference of age discrimination.") (citing *Suttell v. Manufacturers Hanover Trust Co.*, 793 F. Supp. 70, 74 (S.D.N.Y. 1992) (concluding the mere fact that younger, less-experienced employee assumed plaintiff's former duties after plaintiff was terminated in RIF was insufficient to give rise to inference of discrimination)); *see also Marcus v. Leviton Mfg. Co.*, 661 Fed. Appx. 29, 33 (2d Cir. 2016) ("[T]he mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive.").

      D.    **The Allegation that Employees Outside Plaintiff's Protected Class Were Treated More Favorably Is Insufficient to State an ADEA Claim**

The allegations contained in paragraphs 56 and 57 of the Complaint, which allege that employees outside of Plaintiff's protected class were treated more favorably and that CUSA disciplined and terminated older employees more often than younger employees are insufficient to state a claim under the ADEA because the Complaint is devoid of any evidence, or even an allegation, that the unidentified other employees were similarly situated to Plaintiff, which is fatal to his Complaint. *See Pustilnik*, 2019 U.S. Dist. LEXIS 208527, at *16-17 (concluding plaintiff's disparate treatment claim failed where plaintiff had not provided any specifics to show how she and the other employees were similarly situated)

9

> Finally, as to her allegations that Jones favored younger employees, Pustilnik appears to be asserting a discrimination claim based on disparate treatment. In order to plausibly allege discrimination based on disparate treatment, a plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.

*Id.* at 17 (quotations omitted).

### E. The Alleged Comment by Plaintiff's Supervisor is Insufficient to State a Claim Under the ADEA

The Complaint alleges that Plaintiff's supervisor, David Kubota, at an undisclosed time and place, in an undisclosed context, stated to an unidentified employee something "to the effect of 'you're too old, and you've been here too long'" and "upon information and belief, that employee was terminated within a few months thereafter" by an undisclosed decision maker. (Complaint ¶45) The Complaint establishes no causal nexus between that comment and the termination of Plaintiff's employment. Even assuming, for purposes of this Motion, the truth of such allegation, the alleged comment was not even directed at or to Plaintiff and constituted no more than a "stray remark," completely unrelated to the Plaintiff's termination. *See, e.g.*, *Tsismentzoglou v. Milos Estiatorio Inc.*, No. 18-CV-9664 (RA), 2019 U.S. Dist. LEXIS 90198, at *10 (S.D.N.Y. May 29, 2019) (rejecting "stray remark" as evidence of age discrimination and granting defendant's motion to dismiss). In response to the plaintiff's allegation that after he turned 40, the restaurant's manager "began to 'ridicule' him by saying that 'this is a young man's game,'" the court in *Tsismentzoglou v. Milos* stated:

> But Plaintiff provides no additional detail or context with respect to Mario's alleged comment. In any event, a stray remark, by-itself, cannot satisfy a claim for employment discrimination. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *McNamara v. Associated Press*, 40 F. Supp. 3d 345, 355 (2d Cir. 2014) ("[A]lthough a stray remark may lend support to [a] plaintiff's age discrimination claim when considered with other evidence, 'by itself such remarks are usually not sufficient proof to show age

10

>discrimination.'") (quoting *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir. 2000)).

*Id.* at 1-2, 8; *see also Kouassi v. New York City Dep't of Homeless Servs.*, No. 14-CV-7445 (RRM) (LB), 2017 U.S. Dist. LEXIS 161127, at *13 (E.D.N.Y. Sept. 25, 2017) (granting defendant's motion to dismiss and finding that a single remark concerning the plaintiff's age did not plausibly suggest discriminatory animus, let alone "but-for" [*13] causation, where the complaint provided no context for the alleged comment and failed to allege a nexus between the comment and defendant's failure to promote plaintiff). *See also*, *Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG) (JLC), 2017 U.S. Dist. LEXIS 11735, 2017 WL 384787, at *9 (S.D.N.Y. Jan. 27, 2017) (collecting cases), *adopted by*, 2017 U.S. Dist. LEXIS 45813, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) (finding the remarks on plaintiff's age were "stray remarks" with no "causal nexus" to the decision to terminate the plaintiff where plaintiff failed to describe the context of the comments or their proximity to his termination).

Similarly, the Complaint fails to provide any context for Mr. Kubota's alleged statement, its proximity to Plaintiff's own termination or any causal nexus between the alleged comment and Plaintiff's selection for the RIF. Thus, the alleged comment does not plausibly suggest a discriminatory animus, let alone that Plaintiff would not have been selected for termination in the RIF but-for his age.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their motion pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint in its entirety with prejudice and grant such additional relief as the Court may deem appropriate and proper**.**

11

| | |
|---|---|
| Dated: May 20, 2021 | DORSEY & WHITNEY LLP |

By: _____
        Laura M. Lestrade

51 West 52nd Street
New York, New York 10019
Tel: (212) 415-9200
Fax: (212) 953-7201
lestrade.laura@dorsey.com

Melissa Raphan
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 240-2600
raphan.melissa@dorsey.com
Of Counsel

*Attorneys for Defendant Canon U.S.A., Inc.*