UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIM HAWVER,                                              Case No. 21-cv-1646
                                                         (GRB) (ARL)

                Plaintiff,

     - v -

CANON U.S.A., INC.,

                Defendant.
----------------------------------------------------------------X

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND

Defendant Canon U.S.A., Inc. ("Defendant" or "CUSA"), by and through its attorneys, Dorsey & Whitney LLP, as and for its Answer to Plaintiff Jim Hawver's ("Plaintiff") First Amended Complaint with Jury Demand (the "Amended Complaint"), denies each and every allegation in the Amended Complaint except as expressly admitted herein.[1]

## NATURE OF CASE

1. CUSA denies the allegations in Paragraph 1 of the Amended Complaint except to admit that Plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), and further asserts that Plaintiff's claims are meritless and he is not entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA does

---

[1] In addition to the numbered paragraphs, the Amended Complaint contains various section headings. To the extent a response is required to the section headings, CUSA denies any and all allegations contained therein.

not contest jurisdiction, but otherwise denies the allegations in Paragraph 2 of the Amended Complaint and further asserts that Plaintiff's claims are meritless and he is not entitled to any relief whatsoever.

3. The allegations in Paragraph 3 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA states that it is a New York corporation with a principal place of business in Melville, New York, and denies knowledge of information sufficient to form a belief as to the truth or falsity that Plaintiff is a citizen of the state of Florida and therefore denies same, and denies the remaining allegations.

4. The allegations in Paragraph 4 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA denies the allegations in Paragraph 4 of the Amended Complaint and further asserts that Plaintiff's claims are meritless and he is not entitled to any relief whatsoever.

5. The allegations in Paragraph 5 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA does not contest venue at this time, but denies the allegations in Paragraph 5 of the Amended Complaint.

## ADMINISTRATIVE PROCEDURES

6. CUSA denies the allegations in Paragraph 6 of the Amended Complaint, except to state, on information and belief, that Plaintiff filed a charge of discrimination against CUSA with the Equal Employment Opportunity Commission ("EEOC"), and further asserts that Plaintiff's claims are meritless and he is not entitled to any relief whatsoever.

7. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 7 of the Amended Complaint and, therefore, denies the allegations on that basis.

8. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 8 of the Amended Complaint and, therefore, denies the allegations on that basis.

9. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 9 of the Amended Complaint and, therefore, denies the allegations on that basis.

10. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 10 of the Amended Complaint and, therefore, denies the allegations on that basis.

11. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 11 of the Amended Complaint and, therefore, denies the allegations on that basis.

12. The allegations in Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA denies the allegations in Paragraph 12 of the Amended Complaint.

## THE PARTIES

13. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 13 of the Amended Complaint and, therefore, denies the allegations on that basis.

14. The allegations in Paragraph 14 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA denies the allegations in Paragraph 14 of the Amended Complaint except to state that Plaintiff was employed by CUSA from December 14, 2015 to May 20, 2020.

15. CUSA admits the allegations in Paragraph 15 of the Amended Complaint.

16. CUSA admits the allegations in Paragraph 16 of the Amended Complaint.

17. The allegations in Paragraph 17 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, CUSA denies the allegations in Paragraph 17 of the Amended Complaint except to state that Plaintiff was employed by CUSA from December 14, 2015 to May 20, 2020.

18. CUSA admits the allegations in Paragraph 18 of the Amended Complaint.

19. CUSA admits the allegations in Paragraph 19 of the Amended Complaint.

**BACKGROUND FACTS**

20. CUSA lacks information sufficient to either admit or deny the allegations in Paragraph 20 of the Amended Complaint as the Amended Complaint fails to identify the "corporate profile" referenced therein and CUSA, therefore, denies the allegations on that basis.

21. CUSA denies the allegations in Paragraph 21 of the Amended Complaint.

22. CUSA denies the allegations in Paragraph 22 of the Amended Complaint, except to state that Plaintiff commenced employment at CUSA in December of 2015 as an Account Manager in CUSA's then Network Video Solutions team in the then Professional Products Sales Engineering Division of ITCG.

23. CUSA denies the allegations in Paragraph 23 of the Amended Complaint, except to state that CUSA hired Plaintiff when he was at the age of 58.

24. CUSA denies the allegations in Paragraph 24 of the Amended Complaint.

25. CUSA denies the allegations in Paragraph 25 of the Amended Complaint.

26. CUSA denies the allegations in Paragraph 26 of the Amended Complaint, except to state that Mr. Kubota was Plaintiff's supervisor throughout Plaintiff's employment with CUSA, and that Mr. Kubota hired Plaintiff in 2015.

27. CUSA denies the allegations in Paragraph 27 of the Amended Complaint.

28. CUSA denies the allegations in Paragraph 28 of the Amended Complaint.

29. CUSA denies the allegations in Paragraph 29 of the Amended Complaint.

30. CUSA denies the allegations in Paragraph 30 of the Amended Complaint.

31. CUSA denies the allegations in Paragraph 31 of the Amended Complaint.

32. CUSA denies the allegations in Paragraph 32 of the Amended Complaint.

33. CUSA denies the allegations in Paragraph 33 of the Amended Complaint.

34. CUSA denies the allegations in Paragraph 34 of the Amended Complaint.

35. CUSA denies the allegations in Paragraph 35 of the Amended Complaint.

36. CUSA denies the allegations in Paragraph 36 of the Amended Complaint.

37. CUSA denies the allegations in Paragraph 37 of the Amended Complaint.

38. CUSA denies the allegations in Paragraph 38 of the Amended Complaint.

39. CUSA denies the allegations in Paragraph 39 of the Amended Complaint.

40. CUSA denies the allegations in Paragraph 40 of the Amended Complaint.

41. CUSA denies the allegations in Paragraph 41 of the Amended Complaint.

42. CUSA denies the allegations in Paragraph 42 of the Amended Complaint.

43. CUSA denies the allegations in Paragraph 43 of the Amended Complaint, except to refer to the performance reviews for the contents thereof.

44. CUSA denies the allegations in Paragraph 44 of the Amended Complaint.

45. CUSA denies the allegations in Paragraph 45 of the Amended Complaint.

46. CUSA denies the allegations in Paragraph 46 of the Amended Complaint.

47. CUSA denies the allegations in Paragraph 47 of the Amended Complaint.

48. CUSA denies the allegations in Paragraph 48 of the Amended Complaint.

49. CUSA denies the allegations in Paragraph 49 of the Amended Complaint.

50. CUSA denies the allegations in Paragraph 50 of the Amended Complaint.

51. CUSA denies the allegations in Paragraph 51 of the Amended Complaint except admits that Plaintiff was 63 years of age on the date of his termination.

52. CUSA denies the allegations in Paragraph 52 of the Amended Complaint and further denies the relevance of said allegations.

53. CUSA denies the allegations in Paragraph 53 of the Amended Complaint, except to state that CUSA provided a written notice to Plaintiff, pursuant to the Older Workers Benefit Protection Act (the "OWBPA Notice"), and refers to the OWBPA Notice for the contents thereof.

54. CUSA denies the allegations in Paragraph 54 of the Amended Complaint.

55. CUSA denies the allegations in Paragraph 55 of the Amended Complaint.

56. CUSA denies the allegations in Paragraph 56 of the Amended Complaint.

57. CUSA lacks information sufficient to either admit or deny the allegation in Paragraph 57 of the Amended Complaint that Plaintiff is a veteran and, therefore, denies the allegation on that basis. CUSA denies the remaining allegations in Paragraph 57 of the Amended Complaint.

58. CUSA denies the allegations in Paragraph 58 of the Amended Complaint.

59. CUSA denies the allegations in Paragraph 59 of the Amended Complaint.

60. CUSA denies the allegations in Paragraph 60 of the Amended Complaint.

61. CUSA denies the allegations in Paragraph 61 of the Amended Complaint.

62. CUSA denies the allegations in Paragraph 62 of the Amended Complaint.

63. CUSA denies the allegations in Paragraph 63 of the Amended Complaint.

64. CUSA denies the allegations in Paragraph 64 of the Amended Complaint.

65. CUSA denies the allegations in Paragraph 65 of the Amended Complaint, except to state that the written OWBPA Notice includes all job titles and ages of employees in Plaintiff's Decisional Unit who were and were not selected for termination, and refers to the OWBPA Notice for the contents thereof.

66. CUSA denies the allegations in Paragraph 66 of the Amended Complaint.

67. CUSA denies the allegations in Paragraph 67 of the Amended Complaint.

## **DEMAND FOR JURY TRIAL**

68. In response to Paragraph 68 of the Amended Complaint, CUSA admits that Plaintiff purports to seek a jury trial on all claims in this action but states that Plaintiff's claims are meritless and denies that Plaintiff is entitled to any damages whatsoever.

## *FIRST CLAIM FOR RELIEF AGAINST DEFENDANT*
## *Discrimination Under the ADEA*

69. In response to Paragraph 69 of the Amended Complaint, CUSA restates and incorporates herein by reference its responses to Paragraphs 1 - 68, as if stated in full herein.

70. CUSA denies the allegations in Paragraph 70 of the Amended Complaint and refers to the referenced statute for the contents thereof. CUSA further denies that Plaintiff has stated a claim of discrimination under the ADEA upon which relief may be granted.

71. CUSA admits the allegations in Paragraph 71 of the Amended Complaint, but further asserts that Plaintiff's claims are meritless and he is not entitled to any relief whatsoever.

72. CUSA denies the allegations in Paragraph 72 of the Amended Complaint.

73. CUSA denies the allegations in Paragraph 73 of the Amended Complaint.

74. CUSA denies the allegations in Paragraph 74 of the Amended Complaint.

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANT*
### *Discrimination Under the FCRA*

75. In response to Paragraph 75 of the Amended Complaint, CUSA restates and incorporates herein by reference its responses to Paragraphs 1 - 74, as if stated in full herein.

76. CUSA denies the allegations in Paragraph 76 of the Amended Complaint and refers to the referenced statute for the contents thereof. CUSA further denies that Plaintiff has stated a claim of discrimination under the FCRA upon which relief may be granted.

77. CUSA denies the allegations in Paragraph 77 of the Amended Complaint.

78. CUSA denies the allegations in Paragraph 78 of the Amended Complaint.

79. CUSA denies the allegations in Paragraph 79 of the Amended Complaint.

80. CUSA denies the allegations in Paragraph 80 of the Amended Complaint.

### *PRAYER FOR RELIEF*

CUSA denies that Plaintiff is entitled to any remedy, relief, or damages whatsoever, including the relief requested in the "Prayer for Relief" in the Amended Complaint.

### **ADDITIONAL DEFENSES**

CUSA alleges and asserts the following defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. CUSA reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation in this action.

### **FIRST DEFENSE**

The Amended Complaint fails, in whole or in part, to allege facts sufficient to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his own actions, inactions, commissions, and/or omissions, and/or principles of waiver, estoppel or laches, and unclean hands.

### THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### FOURTH DEFENSE

Any and all actions of CUSA were undertaken for legitimate nondiscriminatory business purposes and without unlawful purpose or motive.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust administrative remedies and/or comply with jurisdictional prerequisites.

### SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### EIGHTH DEFENSE

Any damage, loss, or injury allegedly sustained by Plaintiff, the existence of which is expressly denied, is attributable to Plaintiff's own actions or inactions, and was not caused by or attributable to CUSA.

### NINTH DEFENSE

CUSA exercised reasonable care to prevent, avoid, identify, and/or promptly correct any harmful, wrongful, or unlawful conduct toward Plaintiff, the existence of which is expressly denied.

## TENTH DEFENSE

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problems, or complaints.

## ELEVENTH DEFENSE

At all relevant times, CUSA had in place and in force policies and procedures prohibiting discrimination and procedures for the reporting of perceived discrimination. Those policies and procedures were published and otherwise made known to Plaintiff, yet Plaintiff unreasonably failed to avail himself of said policies and procedures or to avoid harm otherwise.

## TWELFTH DEFENSE

CUSA did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff, and with respect to any such actions, CUSA acted lawfully and in good faith.

## THIRTEENTH DEFENSE

CUSA denies any involvement in any unlawful discrimination or other unlawful actions toward Plaintiff, but in any event, regardless of any action or inaction by CUSA, the actions and decisions affecting Plaintiff would have been the same.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because CUSA did not act with malicious or reckless indifference.

## FIFTEENTH DEFENSE

CUSA alleges the claims contained in the Amended Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which any claims are barred by one or more said affirmative defenses not specifically set out above cannot be determined until CUSA has an opportunity to complete discovery. CUSA, therefore, incorporates all such defenses as if fully set forth herein, and reserves the right to amend its listed defenses through the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, CUSA prays for judgment as follows:

(A) Dismissing Plaintiff's Amended Complaint with prejudice;

(B) Awarding CUSA its costs, disbursements, and attorneys' fees incurred herein; and

(C) Awarding CUSA such other and further relief as this Court deems just and proper.

Dated: August 31, 2021                             DORSEY & WHITNEY LLP


By: /s/ Laura M. Lestrade
Laura M. Lestrade
51 West 52nd Street
New York, New York 10019
Tel: (212) 415-9200
Fax: (212) 953-7201
lestrade.laura@dorsey.com

Melissa Raphan
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 240-2600
raphan.melissa@dorsey.com

*Attorneys for Defendant Canon U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I caused a copy of the foregoing Answer to be electronically filed with the Clerk of the Court using the CM/ECF system and also to be served by First Class Mail, postage prepaid, upon the attorneys for the plaintiff.

> Law Offices of William Cafaro
> William Cafaro, Esq.
> Amit Kumar, Esq.
> 108 West 39th Street, Suite 602
> New York, New York 10018

/s/ Laura M. Lestrade
Laura M. Lestrade